**Derrick Fitzgerald GORDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00645–CR.**

Court of Appeals of Texas, Dallas.

Feb. 6, 1992.

Rehearing Denied March 11, 1992.

---

Daniel Parker, Kenneth Mark Deubner, Dallas, for appellant.

Michael J. Sandlin, Dallas, for appellee.

Before STEWART, CHAPMAN, and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

The trial court convicted Derrick Fitzgerald Gords of possession with the intent to deliver cocaine. The court assessed punishment at eight years' confinement. Ap-

pellant contends that the police searched his car in violation of his federal and state constitutional rights and that the cocaine recovered during that search was inadmissible. We agree and reverse the judgment of the trial court.

## FACTUAL BACKGROUND

Dallas police officer Teresa Ward testified that on the evening of December 12, 1990, she and her partner, Susan Millard, were sitting in a parking lot filling out a police report when they heard a woman scream. Across the street in a restaurant parking lot, they saw appellant struggling with a woman. The officers saw appellant push the woman and the woman slap him. The woman later was identified as Deborah Jackson, appellant's girlfriend.

The officers quickly drove across the street. Officer Millard testified that when they pulled into the parking lot, appellant and Jackson were walking towards their respective cars. The officers repeatedly ordered appellant to stop and to keep his hands out where they could be seen. Nevertheless, he continued towards the car and put his hands in his pockets. The officers subsequently subdued him. Fearing for their safety, they conducted a pat-down search. The officers found a gun in appellant's pants pocket. The officers arrested appellant for assault and unlawfully carrying a weapon. Officer Millard handcuffed appellant and ordered him to lie in a prone position in the parking lot.

The officers ordered Jackson and two of her friends to place their hands on the back of one of the cars. Jackson was arrested, and one of her friends was arrested when the officers found a knife in her purse. Shortly thereafter, another acquaintance, Glenn Johnson, came out of the restaurant and announced that he wanted to get something out of appellant's car. The officers would not let him get into the car.

Officer Ward testified that once appellant was arrested, they impounded his car for protective custody. Officer Ward testified that they tried to release the car to Johnson, but he did not have his driver's

license with him. Thereafter, Officer Millard conducted an inventory search of the car in accordance with local police procedures. While conducting this search, she discovered about $6000 in cash, a semiautomatic rifle, and cocaine.

Appellant filed a motion to suppress this evidence prior to his trial. The trial court denied the motion and admitted the cocaine into evidence over the objection of defense counsel. It is from this ruling that appellant appeals.

## INVENTORY SEARCH

■ The issue before this Court is whether the inventory search of appellant's car was reasonable within the meaning of the fourth amendment of the U.S. Constitution and article 1, section 9 of the Texas Constitution. The State contends that the warrantless search was a permissible inventory search. An inventory search is permissible under both the fourth amendment and article 1, section 9 if conducted pursuant to a lawful impoundment. *South Dakota v. Opperman*, 428 U.S. 364, 375–76, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976); *Benavides v. State*, 600 S.W.2d 809, 810 (Tex.Crim.App.1980). The State has the burden of proof. *Delgado v. State*, 718 S.W.2d 718, 721 (Tex.Crim.App.1986).

Impoundment of an automobile may be lawful in a variety of circumstances. Reasonable cause for impoundment may arise when (1) an unattended vehicle is illegally parked or otherwise an impediment to traffic, *Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 3100; *Benavides*, 600 S.W.2d 809, 811; (2) the vehicle has been used in the commission of another crime, *Gauldin v. State*, 683 S.W.2d 411, 415 (Tex.Crim.App.1984); (3) the driver is unable to remove a vehicle because he is injured or physically or mentally incapacitated, *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *Boughton v. State*, 643 S.W.2d 147, 149 (Tex.App.—Fort Worth 1982, no pet.); or (4) the driver is removed from his automobile, placed under custodial arrest, and his property cannot be protected by any means other than impoundment. *Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Crim.

App.1980); *Evers v. State*, 576 S.W.2d 46, 50 (Tex.Crim.App.1978).

In *Colorado v. Bertine*, Bertine was arrested for driving while under the influence of alcohol. After Bertine was taken into custody and prior to the time his van was towed to an impoundment lot, an officer inventoried the contents of the van in accordance with local police procedures. The officer opened a closed backpack in which he found controlled substances, cocaine paraphernalia, and a large amount of cash. The Supreme Court of Colorado held the search to be unreasonable under the fourth amendment, in part, because Bertine himself was not offered the opportunity to make other arrangements for the safekeeping of the property. The Supreme Court of the United States reversed. The Court held that "the reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." *Bertine*, 479 U.S. at 374, 107 S.Ct. at 742 (quoting *Illinois v. Lafayette*, 462 U.S. 640, 647, 103 S.Ct. 2605, 2610, 77 L.Ed.2d 65 (1983)).

*Bertine* is not binding on this Court on State constitutional issue; it is only permissive authority. *Heitman v. State*, 815 S.W.2d 681, 690 n. 22 (Tex.Crim.App.1991). In *Heitman*, an inventory search case, the Court of Criminal Appeals expressly held that the Texas courts, when analyzing and interpreting article I, section 9 of the Texas Constitution, will not be bound by United States Supreme Court cases addressing comparable fourth amendment issues. *Id.* at 690. The Court recognized that although state constitutions cannot subtract from the rights guaranteed by the United States Constitution, they can provide additional rights to their citizens. *Id.* Texas courts have consistently held that impoundment is lawful only when no other reasonable alternative is available to insure the protection of the vehicle. In cases where impoundment follows custodial arrest, the courts have considered several factors in determining the reasonableness of the impoundment: (1) whether someone was available at the scene of the arrest to

whom the police could have given possession of the vehicle, *Delgado,* 718 S.W.2d at 721; *Daniels,* 600 S.W.2d at 815; (2) whether the vehicle was impeding the flow of traffic or was a danger to public safety, *Benavides,* 600 S.W.2d at 812; *Smith v. State,* 759 S.W.2d 163, 167 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); (3) whether the vehicle was locked, *Benavides,* 600 S.W.2d at 812; (4) whether the detention of the arrestee would likely be of such duration as to require the police to take protective measures, *Fenton v. State,* 785 S.W.2d 443, 445 (Tex.App.—Austin 1990, no pet.); (5) whether there was some reasonable connection between the arrest and the vehicle, *Benavides,* 600 S.W.2d at 812; and (6) whether the vehicle was used in the commission of another crime. *Gauldin,* 683 S.W.2d at 415.

■ As applied to the facts of this case, we conclude that the impoundment of appellant's car was unreasonable. Although the police were unable to give Glenn Johnson possession of the car because he did not have a valid driver's license with him, there were other people at the arrest site to whom the car presumably could have been given. For instance, the record reflects that Deborah Jackson's car was released to Tonya Young, one of the women who was with her at the restaurant. Appellant's car was legally parked in a private parking lot. The car was locked, and a security alarm was activated. The arrest occurred at about 11:00 p.m., and appellant was out of jail by the next morning. Moreover, there is no evidence to suggest that the car was used in the commission of another crime, and, in fact, Officer Ward testified that they had no information that the car contained contraband. Finally, there is no reasonable connection between the arrest and the car. Appellant was arrested for assault and unlawfully carrying a weapon. There is no evidence that he had recently occupied the car. *See Smith,* 759 S.W.2d 163. The mere fact that appellant was trying to get into his car when he was arrested does not justify an impoundment of his vehicle.

■ The State contends that because the inventory search was conducted pursuant to standard police procedure, the search was not unreasonable, citing *Opperman.* Constitutional protections cannot be abrogated by police procedures. *Benavides,* 600 S.W.2d at 812.

We conclude that the search violated article I, section 9 of the Texas Constitution. Because the cocaine was procured unlawfully, it is inadmissible. TEX.CODE CRIM. PROC.ANN. art. 38.23 (Vernon Supp.1992); *Polk v. State,* 738 S.W.2d 274, 276 (Tex. Crim.App.1987). The trial court erred in denying appellant's motion to suppress. We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.