NO. 12-01-00095-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


PAUL HARNESS,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 Paul Harness appeals his conviction for forgery. After a jury trial, Appellant was sentenced
to twenty years of imprisonment and a $2,000.00 fine. In his sole issue, Appellant asserts the trial
court erred when it denied his motion to suppress evidence. We affirm.

 Detective Greg Johnson and another officer went to Appellant's place of employment,
Staples Super Store in Nacogdoches, with a warrant for his arrest. Appellant was not at work when
they arrived. However, they saw him driving into the parking lot as they were leaving. They
blocked his path with their vehicle, forcing him to stop. They arrested him pursuant to the warrant,
impounded his vehicle, and inventoried it in compliance with departmental procedure. During the
course of the inventory, officers found a checkbook belonging to Shasta Russell. Johnson knew the
checkbook had been reported stolen. Appellant moved to suppress the items found during the
inventory. After his motion was denied, he was tried and convicted of forging two checks written
on Shasta Russell's account.

 In his sole issue on appeal, Appellant contends the trial court erred in denying his motion to
suppress evidence obtained from the inventory of his vehicle following his arrest. He argues that,
because alternatives to impoundment of his vehicle were available, the impoundment was improper. 
Therefore, the argument continues, the inventory was improper and items found during the inventory
cannot be used against him. He claims that his rights under the Fourth Amendment to the United
States Constitution and article one, section nine of the Texas Constitution have been violated.

 At the hearing on the motion to suppress, Detective Johnson explained that Staples shares
a 600-foot-long parking lot with other businesses. He testified that his vehicle blocked Appellant's
vehicle in the parking lot, approximately thirty or forty feet from the street. Appellant's vehicle was
not parked in a parking space and was not near the entrance to Staples. He testified that he
immediately placed Appellant under arrest and, as the vehicle was to be towed, he and another
officer inventoried the vehicle to protect Appellant's property pursuant to departmental policy. He
explained that when a driver is arrested in a parking lot, they tow the vehicle if the driver has no one
to release the vehicle to. Johnson testified that he did not recall whether he inquired if Appellant had
anyone he could release the vehicle to. He explained that it is not departmental policy to ask if there
is anyone who can take the vehicle, but they will release the vehicle to whom the arrestee suggests
if he can take prompt possession.

 Appellant also testified at the hearing on his motion to suppress. Contrary to Johnson's
testimony, he stated that he was approximately fifty feet from the entrance to Staples at the time he
was arrested. He said he was exiting his vehicle when the officers pulled up and that his door was
locked and closed when Johnson told him he was under arrest. Appellant testified that, because he
knew his car would be towed if he left it parked there, and did not want to incur towing fees, he
asked Johnson if he could ask the manager of Staples for permission to leave the vehicle there. 
According to Appellant, Johnson would not let him. He also said he asked Johnson if he could call
his girlfriend and Johnson again said no. Appellant testified that, although he had people readily
available, he was not given the opportunity to call someone to take care of his personal belongings.

 At the outset, we note that when the checkbook was offered into evidence at trial, defense
counsel specifically said he had no objection to admission of that evidence. Therefore, Appellant's
complaint regarding the trial court's ruling on his motion to suppress is actually moot. Harris v.
State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983). We shall, however, address the merits of
Appellant's complaint.

 A trial court's decision on a motion to suppress is reviewed under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should
give almost total deference to a trial court's determination of historical facts supported by the record,
especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. 
Id. If the trial court does not file findings of fact and conclusions of law, an appellate court presumes
the trial court made findings necessary to support its ruling so long as those implied findings are
supported by the record. Josey v. State, 981 S.W.2d 831, 837 (Tex. App.-Houston [14th Dist.]
1998, pet. ref'd). 

 An inventory search is permissible under the federal and state constitutions if conducted
pursuant to a lawful impoundment. South Dakota v. Opperman, 428 U.S. 364, 375, 96 S. Ct. 3092,
3100, 49 L. Ed. 2d 1000 (1976). Impoundment is valid if police place the driver of the vehicle under
custodial arrest and have no other alternatives available other than impoundment to insure protection
of the vehicle. Josey, 981 S.W.2d at 842. Police officers need not independently investigate
possible alternatives to impoundment absent some objectively demonstrable evidence that
alternatives did, in fact, exist. Id. at 843. Likewise, the police are not required to provide defendants
with an opportunity to make alternative arrangements for the safekeeping of their property. United
States v. Johnson, 815 F.2d 309, 314 (5th Cir. 1987), cert. denied, 484 U.S. 1068 (1988). Further,
police are not required to deviate from their standardized procedures on an ad hoc basis for the
convenience of suspects. United States v. Walker, 931 F.2d 1066, 1069 (5th Cir. 1991). The State
bears the burden to prove a lawful impoundment. Josey, at 842.

 The officers were following departmental policy when they performed the inventory. The
testimony conflicts as to the location of Appellant's vehicle within the parking lot at the time of his
arrest. However, whether Appellant was near Staples is a fact question for the trial court, but is not
determinative on the issue of whether alternatives other than impoundment existed. The vehicle was
not blocking a public street or a danger to public safety. However, left unattended, it would have
been vulnerable to damage or theft and eventually towed by the property owner. See Barrett v. State,
718 S.W.2d 888, 891 (Tex. App.-Beaumont 1986, pet. ref'd). Appellant was alone in his vehicle
when he was arrested. Therefore, there was no one at the scene who was readily available to take
possession of the vehicle. See Manning v. State, 864 S.W.2d 198, 200-01 (Tex. App.-Waco 1993,
pet. ref'd). Although Appellant testified that he asked Johnson to allow him to call certain people
so they could take possession of the vehicle, the trial court, in evaluating each witness's credibility,
was free to disbelieve this testimony. Guzman, 955 S.W.2d at 89. Even if the trial court did not
disregard that testimony, it does not constitute an affirmative showing of a reasonable alternative. 
It is, at best, a possible alternative. The record does not show the manager of Staples was available
to give his permission for Appellant to leave his vehicle in the parking lot or, more importantly,
whether the manager had the authority to give his permission for a vehicle to be parked in the lot
indefinitely. Further, although Appellant stated his girlfriend was nearby, it was not established that
she would be able and willing to take prompt possession of the vehicle. 

 In arresting Appellant, impounding his vehicle, and performing the inventory, the officers
followed standardized departmental procedure. They were not required to deviate from those
procedures for Appellant's convenience. Walker, 931 F.2d at 1069. We conclude there was no
affirmative showing of a reasonable alternative. See State v. Kibler, 874 S.W.2d 330, 332 (Tex.
App.-Fort Worth 1994, no pet.). In the absence of some objectively demonstrable evidence that a
reasonable alternative did exist, and inasmuch as the officers had no affirmative duty to seek
alternatives, the impoundment of Appellant's vehicle was proper. Josey, 981 S.W.2d at 842, 844. 
Therefore, the inventory search, conducted pursuant to the lawful impoundment, was also proper. 
Opperman, 428 U.S. at 375, 96 S. Ct. at 3100. Accordingly, the trial court did not err in denying
Appellant's motion to suppress. We overrule Appellant's sole issue.

 We affirm the trial court's judgment.



Opinion delivered January 17, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)