NOS. 07-02-0446-CR


 07-02-0447-CR

 07-02-0448-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 22, 2003



______________________________




CECILIO SOSA VARGAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NOS. 6352, 32,689, 32,691; HONORABLE LEE WATERS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 Cecilio Sosa Vargas appeals from the trial court's refusal to reduce bail in three
related cases. We affirm.


BACKGROUND

 As the result of a traffic accident, appellant was charged with manslaughter (trial
court cause number 6352), driving with a suspended license (trial court cause number
32,691), and failure to stop and render aid (trial court cause number 32,689). Bail was
initially set at $1,000,000 in the manslaughter case, $2,500 in the driving with a suspended
license case, and $100,000 in the failure to stop and render aid case. Appellant applied
to the trial court for writs of habeas corpus seeking reduction of bail in each case. A
hearing was held on August 20, 2002. During the hearing appellant's counsel referenced
Article 1, Section 11 of the Texas Constitution and Section 1.07 of the Code of Criminal
Procedure (1) in urging that the initial bail was excessive. The trial court lowered appellant's
bail in the manslaughter case to $250,000 and in the failure to stop and render aid case
to $25,000. No appeal was taken. 

 On September 30, 2002, appellant filed motions in each case to reduce bail
pursuant to CCP art.17.151. He alleged that he had been confined for a period in excess
of 90 days, the State was not ready for trial, and his bail must be reduced to an amount he
could post. On October 1, 2002, appellant filed amended applications for habeas writs
seeking reduction of bail in each case on the basis that the amounts set for bail during the
August 20, 2002 hearing were excessive. The amended applications for habeas writs (1)
did not reference any constitutional provision or statutory provision other than CCP
art.17.151, (2) alleged that pursuant to CCP art. 17.151 the court was required to reduce
appellant's bail to an amount he could afford, and (3) stated that no previous application
had been made for issuance of a writ of habeas corpus seeking the relief requested in the
amended motion. 

 The trial court held a hearing on the motions to reduce bail and amended
applications for writs of habeas corpus. The court informed the parties by letter that the
motions to reduce bail and the amended habeas applications were denied. Written orders
denying each of appellant's motions to reduce bail were signed. No written orders
referencing the amended applications for writs of habeas corpus were entered. Appellant
filed notices of appeal in each of the three cases. The notices of appeal referenced only
the orders denying appellant's motions to reduce bail. 

 By two issues, appellant contends that (1) the bail set by the trial court in the
aggregate amount of $325,500 for the three offenses was excessive and unreasonable in
violation of the Eighth Amendment to the U.S. Constitution and Article 1, Sections 11 and
13 of the Texas Constitution; and (2) the trial court erred in finding that appellant did not
rebut the State's prima facie showing of readiness within the 90 day period mandated by
CCP art. 17.151, and in failing to reduce appellant's bail to the amount he could post.ISSUE 1: EXCESSIVE BAIL

 By his first issue, appellant urges that his bail was excessive, in violation of the
Eighth Amendment to the U.S. Constitution and Article 1, Sections 11 and 13 of the Texas
Constitution. In the Argument and Authorities section of his brief he also references CCP
articles 1.09 and 17.151. None of these bases were urged by his motions to reduce bail
or amended habeas applications in the trial court. His trial court motions and amended
habeas applications were based on CCP art. 17.151. 

 Appellant has not preserved error for appellate review as urged in his first issue
because his complaint on appeal does not correlate to the matters he urged at trial. See
Tex. R. App. P. 33.1(a); (2) Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App.1998); Thomas
v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). (3) We overrule appellant's first issue. 

ISSUE 2: REFUSAL TO REDUCE BAIL PURSUANT


TO CCP ART. 17.151



 Via his second issue, appellant urges that the State was not ready for trial in
compliance with the time dictate of CCP art. 17.151, which provides that a defendant who
is accused of a felony and who is detained in jail pending trial must be released either on
personal bond or by reducing the amount of bail required if the State is not ready for trial
within 90 days from the commencement of the defendant's detention. Appellant urges that
under Rowe v. State, 853 S.W.2d 581 (Tex.Crim.App. 1993), he was entitled to have bail
set at an amount the evidence showed he could make. On this direct appeal he prays that
we set aside the trial court's interlocutory pretrial orders and enter an order that bail be set
in the aggregate at $30,000. 

 We first must consider whether we have jurisdiction. See State v. Roberts, 940
S.W.2d 655, 657 (Tex.Crim.App. 1996). Jurisdiction is the power of the court over the
subject matter of the case, conveyed by statute or constitutional provision, id., coupled with
personal jurisdiction over the parties. See Flowers v. State, 935 S.W.2d 131, 134 n.4
(Tex.Crim.App. 1996); Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981). 
Courts address the question of jurisdiction sua sponte, because unless a court has
jurisdiction over a matter, its actions in the matter are without validity. See Roberts, 940
S.W.2d at 657 n.2. 

 The right to appeal is conferred by the legislature, and generally a party may appeal
only that which the legislature has authorized. See Marin v. State, 851 S.W.2d 275, 278
(Tex.Crim.App. 1993); Olowosuko v. State, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992). 
Absent express authority, courts of appeals do not have jurisdiction to review interlocutory
orders, see Ex parte Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991),
although some narrow exceptions to such rule may exist. See Wright v. State, 969 S.W.2d
588, 589 (Tex.App.-Dallas 1998, no pet.).

 The courts of appeals have split over whether appellate jurisdiction exists in regard
to direct appeals from pretrial bail rulings such as the one before us. Compare Ramos v.
State, 89 S.W.3d 122, 124-26 (Tex.App.-Corpus Christi 2002, no pet.) (TRAP 31.1
contemplates appeals of orders in bail proceedings) with Benford v. State, 994 S.W.2d
404, 409 (Tex.App.-Waco 1999, no pet.) (appellate jurisdiction does not exist over appeal
from interlocutory pretrial order increasing amount of bail because no statutory grant of
jurisdiction) and Ex parte Shumake, 953 S.W.2d 842, 846-47 (Tex.App.-Austin 1997, no
pet.). See also Wright, 969 S.W.2d at 589-90 ("This appeal does not fall within one of the
exceptions to the rule, nor are we inclined to construe rule 31.1 of the rules of appellate
procedure to encompass a direct appeal of a pretrial order revoking bond."). 

 We lack a statutory grant of jurisdiction over this appeal. See Benford, 994 S.W.2d
at 409. And, although TRAP 31 addresses, in part, appeals from bail proceedings, we
note that the Rules of Appellate Procedure do not establish jurisdiction of courts of
appeals, see Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996), and cannot
create jurisdiction where none exists. See State v. Riewe, 13 S.W.3d 408, 413
(Tex.Crim.App. 2000). 

 We concur with the conclusions reached by the Benford and Shumake courts. We
lack jurisdiction over this direct appeal from interlocutory pretrial orders refusing to lower
bail pursuant to CCP 17.151. Appellant's second issue is dismissed for want of
jurisdiction.CONCLUSION

 We affirm. 

 Phil Johnson

 Chief Justice


Publish.
1. Further reference to a provision of the Code of Criminal Procedure will be by
reference to "CCP art._."
2. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP
_____."
3. To the extent appellant's first issue is based on his amended applications for writs
of habeas corpus and the rights he claimed therein under CCP art. 17.151, no reference
was made to the applications in his notices of appeal and no written orders were entered
as to those applications. The trial court's oral pronouncement refusing to reduce
appellant's bail pursuant to the amended habeas applications may not have been sufficient
to comprise appealable orders under these records and given the posture of this appeal. 
See TRAP 25.2(b)(2) and 26.2(a)(1); State v. Kibler, 874 S.W.2d 330, 332 (Tex.App.--Fort
Worth 1994, no pet.). Because of our disposition of appellant's first issue, we do not
address sufficiency of the notices of appeal to invoke our jurisdiction as to the amended
habeas applications, whether appealable orders existed as to the amended habeas
applications, or the effect of any possible lack of appealable orders as to our jurisdiction
over an issue based on the applications. 



4683 0 0 159 0;}
@font-face
 {font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:auto;
 mso-font-signature:0 0 0 0 0 0;}
@font-face
 {font-family:"Arial Bold Italic";
 panose-1:2 11 7 4 2 2 2 9 2 4;
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:auto;
 mso-font-signature:0 0 0 0 0 0;}
@font-face
 {font-family:"Arial Italic";
 panose-1:2 11 6 4 2 2 2 9 2 4;
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:auto;
 mso-font-signature:0 0 0 0 0 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:"Times New Roman";
 color:black;}
p.Header1, li.Header1, div.Header1
 {mso-style-name:Header1;
 mso-style-unhide:no;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:"Times New Roman";
 color:black;}
p.Footer1, li.Footer1, div.Footer1
 {mso-style-name:Footer1;
 mso-style-unhide:no;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:"Times New Roman";
 color:black;}
span.FootnoteReference1
 {mso-style-name:"Footnote Reference1";
 mso-style-unhide:no;
 mso-style-parent:"";
 mso-ansi-font-size:10.0pt;
 color:black;
 vertical-align:super;}
p.FootnoteTextA, li.FootnoteTextA, div.FootnoteTextA
 {mso-style-name:"Footnote Text A";
 mso-style-unhide:no;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:"Times New Roman";
 color:black;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("07-10-0362.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0362.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0362.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0362.cr%20opinion_files/header.htm") ecs;
 mso-facing-pages:yes;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-even-header:url("07-10-0362.cr%20opinion_files/header.htm") eh1;
 mso-header:url("07-10-0362.cr%20opinion_files/header.htm") h1;
 mso-even-footer:url("07-10-0362.cr%20opinion_files/header.htm") ef1;
 mso-footer:url("07-10-0362.cr%20opinion_files/header.htm") f1;
 mso-first-header:url("07-10-0362.cr%20opinion_files/header.htm") fh1;
 mso-first-footer:url("07-10-0362.cr%20opinion_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-0362-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D 

 

MAY 24, 2011

_____________________________

 

DAVID
GRAGERT,  

 

                                                                                         Appellant


v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2009-425,869; HONORABLE JIM BOB DARNELL, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

Before QUINN, C.J., and
CAMPBELL and PIRTLE, JJ.

            David Gragert was convicted of
indecency by contact with his four-year-old niece.  The evidence established that he touched the
childs genitalia while locked in the bathroom with her. He seeks reversal by
contending the trial court erred 1) in admitting evidence of an extraneous bad act
during the guilt/innocence phase of the trial, and 2) in overruling his
objection to several instances of allegedly improper prosecutorial
argument.  We affirm the judgment. 

            

Prior Notice of Bad Act

            Appellant sought to prevent the
admission of evidence illustrating that he previously had bathed with the
complainant, his four-year-old niece. 
The evidence was purportedly inadmissible because he was not afforded
notice of the States intent to offer the bad act.[1]  Yet, appellant already knew of the act (given
his involvement in it) and of the fact that the State did as well.  Indeed, he broached it in his oral confession
to the police.  Furthermore, we are not
told that appellant would have altered his defense, adopted different trial
strategies, or presented other evidence had he been given prior notice of the
States intent to use the incident against him. 


            Instead, appellant argues that
detrimental surprise arose from the manner in which the prosecutor attempted to
convince the court that the incident did not depict a bad act.  Even if we were to assume that the prosecutor
tried to somehow dupe the trial court into believing that the incident did not
evince a bad act, that would not affect the type of harm sought to be avoided
by the rule requiring prior notice.  As
explained in Hernandez v. State, 176 S.W.3d 821 (Tex. Crim. App. 2005), the harm related to
surprise which effectively denied the accused opportunity to prepare a means to
address the evidence or ameliorate its impact. 
Id. at 825-26.  Simply arguing that the trial court somehow
was mislead into believing prior disclosure was unnecessary because the
evidence was not of a bad act implicates neither of those concerns.  So, given the circumstances before us and the
absence of any indicia of surprise, we, like the court in Hernandez, have no basis to conclude that the
States failure to afford appellant prior notice was harmful and, therefore,
overrule the issue.      

            Admissibility Under Rules
402, 403 and 404

            Appellant next contends that
evidence of the bathing incident was inadmissible due to its irrelevance,
prejudicial nature, and depiction of a prior bad act.  Tex. R.
Evid. 402 (stating that irrelevant evidence is
inadmissible); Tex. R. Evid. 403 (stating that relevant evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice); Tex. R. Evid. 404(b) (stating that evidence of other crimes,
wrongs, or acts is inadmissible to prove the character of a person in order to
show action in conformity with that character). 
We overrule the contention for the following reasons.

            First, article 38.27 of the Code of
Criminal Procedure, which applies to the prosecution of an offense against a
child under seventeen years of age, provides that, notwithstanding Rule of
Evidence 404, evidence of other wrongs or acts committed against the child
shall be admitted for its bearing on matters such as the state of mind of the
defendant and the child and the previous and subsequent relationship between
the two.  Tex.
Crim. Proc. Code Ann. art.
38.37 §§1 & 2
(Vernon Supp. 2010).  No one denies that
the evidence in question involved an incident between a 25-year-old man and a
four-year-old child.  Nor does anyone
deny that the same four-year-old child was the victim in the crime for which
appellant was being prosecuted.  And, one
would be hard-pressed to deny that the bathing incident (and its admitted
sexual connotation) evinces the nature of appellants relationship with and mindset
towards his niece.  Thus, we cannot say
that the trial court abused its discretion in admitting it, given article 38.37.  See Walters v. State, 247 S.W.3d
204, 217 (Tex. Crim. App. 2007) (stating that a trial court abuses its discretion when its decision
falls outside the zone of reasonable disagreement); see
also Brown
v. State, 6 S.W.3d 571,
577-79 (Tex. App.Tyler 1999, pet. refd) (holding that the trial court did not
abuse its discretion by admitting evidence that the defendant had previously asked
the victim of the sexual assault for a kiss and touched her buttocks as
probative of the state of mind of the defendant and the victim).           As for the evidence having insufficient
probative value when compared to its alleged prejudicial effect, we again refer
to the sections of article 38.37 mentioned above.  The legislature deemed evidence of that ilk
as relevant.  So, we cannot consider it
irrelevant.  Additionally, a limiting
instruction was provided in the courts charge to lessen the risk of impermissible
impact.  Finally, it is difficult to say
that informing the jury of the event had any more impact than the circumstances
underlying the indecency for which he was prosecuted.  At the very least, one could reasonably
debate whether the alleged prejudicial nature of disclosing the bathing
incident substantially outweighed the probative value inherent in the
evidence.  And, because of that, we
cannot say that the trial court abused its discretion in rejecting the Rule 403
challenge.     

            Jury Argument

            Through his remaining issues,
appellant challenges three different arguments made to the jury during the
punishment phase.  At trial, he objected
to each as being outside of the record. 
We overrule the issues for several reasons.

            First, the grounds urged before us
as supporting his claim of error differ from those mentioned below.  Here, appellant argues that the State was
engaging in fear mongering.  Without
appellant explaining to the trial court how interjecting matter outside the
scope of the evidentiary record equated with fear mongering, we find it
difficult to say that the trial court should have interpreted the actual
objection as including fear mongering. 
This, in turn, means that appellant did not preserve his fear
mongering contention for review.  See
Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002) (stating that the grounds asserted at trial must comport with those on
appeal, otherwise the contention is waived).

            Second, there are four permissable
areas of jury argument.  They include 1)
summarizing the evidence, 2) making reasonable deductions from the evidence, 3)
answering argument of opposing counsel, and 4) pleading for law
enforcement.  Cannady
v. State, 11 S.W.3d 205,
213 (Tex. Crim. App. 2000).  The
arguments in question can be interpreted as falling within at least one of
those permissible areas, as we now illustrate. 

            Through the first utterance, the
State said:

            . . .
The defendant is 25 years old.  In two
years he will be 27.  In five years he      will be 30, in 20 he will be 35. [sic] 20
years he will be 45. 

 

            Look
at this from this perspective.  In two
years [the victim] will be eight.  In
five, she will be 11.  [I]n 10 she will
be 16, learning how to drive.  In 20
years, in 20 years she will be 26 years old. 
At what point do you think she will be able to defend herself from this
man? 

 

Rhetorical
questions, such as this, are generally within the scope of jury argument if
based on reasonable deductions from the evidence.  Wolfe v. State, 917 S.W.2d 270, 280 (Tex. Crim. App.
1996).  And, the State is afforded a wide
degree of latitute in drawing reasonable deductions from the evidence so long
as the inferences are reasonable, fair, legitimate, and offered in good faith.  Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App.
1988); Strahan
v. State, 306 S.W.3d
342, 350 (Tex. App.Fort Worth 2010, pet. refd).  The aforementioned utterance can be deemed a
reasonable inference or deduction given the evidence of the age of both
appellant and his victim.  Thus, the analysis
of their respective ages at different times in the future was a reasonable
inference from the record.  Because
appellant was the victims uncle, one could also reasonably deduce that he
might someday be in attendance at family functions.  Indeed, the childs mother testified that,
after the incident at bar, the childs grandmother took the child to see a
movie, and appellant went with them.  To
that, we had appellants own admission that he had urges that he had to
control.  So, the prospect of the child
again being at risk while in the presence of appellant was not improper
argument outside the records scope.    

            The next two utterances consisted of
the following:

            You
are looking now at a range of two to 20. 
There is abolutely nothing that says you have to start at two and build
your way up.  And every time you            start at that 20 and every time you
think about coming off of it, when you say - - your mind goes to David and you
wonder where he is going to be, think about this.  Do you want to see a headline with a picture
of Mr. Gragert right next to the words Defender commits assault again?

 

*           *           * 


 

                        You can punish somebody
for what they did yesterday, what they did

            today, and what they might do
tomorrow.  

 

                        Do you ever want to pick
up the A-J and see that this man had done it

            again?

The
remarks suggest that appellant may repeat his crimes.  And, there was evidence presented indicating
that he had been unsuccessful in controlling his urges.  Given this, we find that the argument
constituted a lawful plea for law enforcement. 
Indeed, we previously held argument suggesting that the accused may
offend again to be  allowable.  Watson v. State, 760 S.W.2d 756, 759-60 (Tex. App.Amarillo
1998, pet. refd); accord McBride v. State, 706 S.W.2d 723, 729 (Tex. App.Corpus
Christi 1988, pet. refd) (holding argument that if the jury made a mistake,
they might bury somebody else was a proper plea for law enforcement).   

            Having overruled all issues, we
affirm the judgment.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

Do
not publish.

             

       











[1]There
was much debate about whether a 25-year-old man bathing naked with a
four-year-old girl constituted a bad act. 
Whether it inherently is or is not matters little.  This is so because the prosecution certainly
used it to portray appellant in a bad light. 
Given that, we will assume arguendo that the event was evidence of a
prior bad act.