NO. 07-12-00156-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 15, 2012

_____

EX PARTE MICHAEL SHANE FRY

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11644; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Michael Shane Fry attempts to appeal a ruling of the trial court in his habeas corpus proceeding for reduction of bail. Because the trial court has not signed a written order memorializing its ruling on the merits of Fry's habeas corpus case, we have no appellate jurisdiction. We will dismiss the attempted appeal.

Fry was indicted on four counts of aggravated sexual assault of a minor. Bail on each count was set at $250,000. Fry filed an application for writ of habeas corpus seeking to reduce bail on each count to a "reasonable amount." The application was filed under the same cause number as the pending criminal case.[1] The trial court

_____

[1] The habeas corpus case arises from the criminal prosecution against Fry. But the two cases are separate and distinct actions and a ruling in the habeas corpus case is not a ruling in the criminal case. *Broussard v. State,* No. 01-10-00458-CR, 2010 Tex.

ordered a writ of habeas corpus issue directing the sheriff of Wilbarger County to produce Fry in court on April 16, 2012, and show cause why Fry should not be released on a reasonable bond or specified alternatives.

The trial court conducted an evidentiary hearing on Fry's application. After hearing the testimony of Fry and other witnesses the court orally denied Fry's request for reduced bail. The ruling is also expressed in a docket sheet entry signed by the trial court. Fry filed a notice of appeal on May 1, stating he was appealing "an 'Order' signed March 16, 2012 (sic) denying a writ of habeas corpus for a bail bond reduction in this case."

The clerk's record and the reporter's record have been filed and the clerk's record does not contain a signed written order disposing of the merits of Fry's application for writ of habeas corpus. The clerk of this court has confirmed with the clerk of the trial court that no such written order exists.

On our own motion we therefore consider our jurisdiction of the appeal. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

---

App. Lexis 8360, at *1 n.1 (Tex.App.--Houston [1st Dist.] Oct. 14, 2010, no pet.) (per curiam) (not designated for publication) (citing *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.,* 159 S.W.3d 645, 649-50 (Tex.Crim.App. 2005) (orig. proceeding)).

A habeas corpus action should, therefore, be docketed separately and assigned a different cause number from the criminal case out of which it arises. *Broussard,* 2010 Tex. App. Lexis 8360, at *1 n.1 (citing *Green v. State,* 999 S.W.2d 474, 477 (Tex.App.-- Fort Worth 1999, pet. refused)).

In a habeas corpus proceeding, an order denying relief on the merits is a final judgment and immediately appealable. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.,* 159 S.W.3d 645, 650 (Tex.Crim.App. 2005) (orig. proceeding) (citing 43B George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 47.51, at 219-20 (2d ed. 2001)); Tex. R. App. P. 31. But, to be appealable, the order denying relief must be a signed written order. *Broussard v. State,* No. 01-10-00458-CR, 2010 Tex. App. Lexis 8360 (Tex.App.--Houston [1st Dist.] Oct. 14, 2010, no pet.) (per curiam) (not designated for publication). The oral pronouncement and docket entry reflected in this record do not constitute a signed written order. *See Ex parte Wiley,* 949 S.W.2d 3, 4 (Tex.App.--Fort Worth 1996, no pet.) (citing *State v. Kibler,* 874 S.W.2d 330, 332 (Tex.App.--Fort Worth 1994, no pet.) (oral pronouncement and docket entry held not to be appealable written order). *See also State ex rel. Sutton v. Bage,* 822 S.W.2d 55, 56 (Tex.Crim.App. 1992); *State v. Rosenbaum,* 818 S.W.2d 398, 401-03 (Tex.Crim.App. 1991); *Ortiz v. State,* 299 S.W.3d 930, 933 (Tex.App.--Amarillo 2009, no pet.) (all finding date of entry of appealable order as date order was signed); Tex. R. App. P. 26.2(a)(1).

Because the trial court has not signed a written order disposing of the merits of Fry's application for writ of habeas corpus, we have no jurisdiction over the attempted appeal. Accordingly, the appeal is dismissed. *See Broussard,* No. 01-10-00458-CR, 2010 Tex. App. Lexis 8360, at *6 (also dismissing appeal for want of jurisdiction on similar record).

Per Curiam

Do not publish.