# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00468-CR

---

**Tutankhamun Holt, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 76732, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Tutankhamun Holt filed a notice of appeal in this Court giving written notice of appeal in connection with a post-conviction motion to compel that he filed in the trial court.[1] For the reasons that follow, we dismiss the appeal for want of jurisdiction.

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See*

---

[1] Appellant was convicted of aggravated kidnapping, *see* Tex. Penal Code § 20.04, and sentenced to life in the Texas Department of Criminal Justice, *see id.* § 12.32. Seven months later, he filed a motion in the trial court entitled *Motion to Compel Attorney [Stand-by Counsel] to Surrender the Case File and Cell Phones Subpoenaed in Cause Number 76732*, in which he asked the trial court to issue an order compelling the attorney who acted as stand-by counsel during appellant's jury trial (in which appellant represented himself) to produce appellant's case file along with cell phones that, according to the motion, were subpoenaed for trial but not admitted into evidence. Appellant subsequently filed the instant notice of appeal, which "gives notice of appeal of the *Motion to Compel Attorney [Stand-by Counsel] to Surrender the Case File and Cell Phones Subpoenaed in Cause Number 76732 filed, 21 May 2019.*"

*State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "precedent requires that an order be in writing"). Here, the record before us contains no written order signed by the trial court denying appellant's motion to compel. Thus, there is no entry of any appealable order.[2]

Moreover, even had the trial court signed an order denying appellant's motion to compel, we find no authority for appellant to appeal such an order.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (stating that criminal defendant's right of appeal "is a statutorily created right."). Thus, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State,* 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *see* Tex. Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (explaining that "[j]urisdiction must

---

[2] We observe that the record contains a hand-written notation on what appears to be a post-it note attached to the cover letter that accompanied appellant's motion to compel. The notation states, "I have no jurisdiction to grant the requested relief." The trial judge's initials and a stamped date appear beneath the notation. The record also contains a letter to appellant from the court coordinator that informs appellant that the trial court had reviewed the motion but had no jurisdiction or authority to grant appellant's request. Neither the notation nor the letter constitutes a written appealable order. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012) (holding that "entered by the court" under Texas Code of Criminal Procedure article 44.01(d) "encompasses the signing of an order by the trial judge"); *State v. Rosenbaum*, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order); *see, e.g.*, *State v. Kibler*, 874 S.W.2d 330 (Tex. App.—Fort Worth 1994, no pet.) (concluding that mere notation of "granted" at end of motion to suppress, followed by date and purported signature of trial judge, was not appealable order).

be expressly given to the courts of appeals in a statute"). We find no statutory authority granting appellant the right to appeal the denial of a post-conviction motion to compel.

Finally, the trial court certification in the record reflects that "no order exits upon which an appeal may be predicated." We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." *See* Tex. R. App. P. 25.2(d); *Dears v. State,* 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We hold that we lack jurisdiction in this appeal because (1) there is no signed written order denying appellant's motion to compel, *see, e.g.*, *Sanavongxay*, 407 S.W.3d at 259 (affirming appellate court's dismissal for lack of jurisdiction because there was no written order from which to appeal), (2) there is no statutory authority for the appeal that appellant attempts here, *see, e.g.*, *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing appeal because it was not authorized by law), and (3) the record does not contain a certification from the trial court showing that appellant has the right to appeal, *see* Tex. R. App. P. 25.2(d). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Dismissed for Want of Jurisdiction

Filed: December 17, 2019

Do Not Publish

3