**David E. GAULDIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 518–82.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1984.

Norman J. Hoppenstein, (court-appointed) Waco, Paul Sorenson, (court-appointed) Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Greg Pipes, Michael Jergins, William Kane and J.M. McEntire, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This case is before us on appellant's petition for discretionary review. A jury found appellant guilty of robbery and after answering true to the enhancement paragraphs assessed punishment at life. In a published opinion, the Fort Worth Court of Appeals affirmed, overruling appellant's contentions that statements made by him during custodial interrogation without *Miranda* warnings were erroneously admitted at trial and that the search of his pickup truck was illegal. *Gauldin v. State*, 632 S.W.2d 652 (Tex.App.—Ft. Worth, 1982). For the reasons stated herein, we affirm the Court of Appeals.

The Court of Appeals' opinion adequately states the facts. On Monday night, June 11, 1979, a U-Tote-M store clerk in Fort

Worth was robbed. The clerk, Sarah Banks, was standing at the register when a man came into the store to buy a package of cigarettes. When Banks handed the man his change, he grabbed her hand and told her to leave the register open. Instead, Banks locked the register, whereupon the man began hitting her with his fists. Banks fell to the floor behind the register and the man came around the counter and continued to strike her. Finally, Banks opened the register and the assailant took all the money—approximately $80.00 to $100.00. Insisting that there was more money, the assailant continued to strike Banks.

At this juncture, a customer, Bill Neal, drove up to the store. Alarmed, the robber released Banks and ran out of the store, crossed the street and got into a red pickup truck. Neal observed these events and subsequently reported them to the police from a telephone at the convenience store. Neal gave the police a description of the robber and the pickup as well as the license number of the truck.

Within an hour of the robbery, police spotted the pickup in the parking lot of Snoopi's, a nightclub two blocks from the U-Tote-M. Officers Schoelman and Malone went inside the club and observed the appellant, who matched the description given by Neal, sitting alone at the bar. The officers approached him and asked for identification. Appellant replied that he had none. When asked what vehicle he had driven to the club, appellant responded that he had arrived in a brown Ford LTD. The officers requested that appellant come outside so they could talk to him. Once outside, the officers renewed their inquiry concerning appellant's vehicle. Appellant then indicated that he had driven the red Ford pickup. The officers placed the suspect under arrest and Officers Estep and Meddor searched the vehicle. Twenty, one dollar bills were found in the glove box and a single dollar bill was located on the seat of the pickup. Photographs of the interior and exterior of the truck were taken before the truck was towed to the police pound.

A lineup was conducted the next day at the police station. Appellant was one of the four men in the lineup and was readily identified as the robber by Banks and Neal.

In ground of error number one, appellant contends that the testimony of one of the investigating officers, concerning the appellant's statement in which appellant identified the red truck as the vehicle he drove to the club, was inadmissible. According to appellant, the statement was obtained as a result of custodial interrogation in violation of *Miranda*. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defense counsel filed a motion to suppress all statements made by the appellant at the time of appellant's apprehension. However, counsel did not request a hearing on the motion or obtain a ruling. At trial, counsel objected to the testimony on the grounds of hearsay and improper predicate. Both objections were overruled.

The error presented on appeal must be the same as the objection raised at trial. *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Cr.App.1981); *Nelson v. State*, 607 S.W.2d 554 (Tex.Cr.App.1980); *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979); *McIlveen v. State*, 559 S.W.2d 815 (Tex.Cr.App.1977). The requirement of a trial objection applies with equal force to alleged *Miranda* violations. *Ex parte Bagley*, 509 S.W.2d 332 (Tex.Cr.App.1974). Since appellant raised the *Miranda* issue for the first time on appeal, nothing is preserved for review.

The Court of Appeals improvidently considered appellant's contention, finding no custodial interrogation as envisioned by *Miranda*. Further, the lower court justified admission pursuant to Article 38.22, Section 3(c), V.A.C.C.P., as a statement containing an assertion of fact, found to be true and conducive to establish the guilt of the accused. Although we fail to reach the custodial interrogation issue, it should be noted that in the absence of custodial interrogation an oral statement is admissible and Article 38.22, Section 3, supra, becomes irrelevant to the determination. See *Smith v. State*, 507 S.W.2d 779 (Tex.Cr.App.1974).

Appellant's first ground of error is overruled.

Next, appellant argues that the money[1] seized from the truck at the time of his arrest was an inadmissible fruit of an illegal search and seizure. Due to the state of the record, we must agree. The record does not reflect a valid search either incident to arrest or based upon probable cause plus exigent circumstances. In addition, the warrantless search of appellant's vehicle cannot be justified as an inventory search.

■■■ A lawful custodial arrest authorizes a contemporaneous search without a warrant of the person arrested and of the immediately surrounding area. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, the scope of the area searched must be limited to the area within the immediate control of the arrestee. *Chimel v. California*, supra. In *Belton v. New York*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the United States Supreme Court applied the *Chimel* rationale to the interior of an automobile holding "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Belton v. New York*, supra, at 460. The Fort Worth Court of Appeals relied on *Belton* to validate the search, but in light of the facts in the instant case, their reliance was misplaced.

■■ Appellant was approached by the police inside the bar. Appellant was neither an "occupant" of the truck nor its "recent occupant" within the context of *Belton*. Further, the record does not reflect the appellant's proximity to the vehicle at the time of his arrest. Therefore, the State did not sustain its burden of proving "that articles inside the relatively narrow compass of the passenger compartment of [the] automobile [were] in fact ... within 'the area into which [the] arrestee might reach in order to grab a weapon or evidentiary ite[m].'" *Belton v. New York*, supra, at 460, citing *Chimel v. California*, supra.

■■ Citing *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the Court of Appeals also found that probable cause existed for the search of appellant's truck based upon Neal's description of the getaway vehicle. However, the Supreme Court recognized in *Chambers* that "[o]nly in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." *Chambers*, supra, at 51. Consequently, the warrantless search of an automobile based upon probable cause to search will be upheld as long as exigent circumstances make obtaining a warrant impracticable.

■■ Because the search of the truck took place after appellant was taken from the bar and while the truck was parked in the bar's parking lot, *Chambers* is not dispositive. Obviously, the *Chambers* exigency of an automobile stop upon an open highway is absent in the case at bar. Moreover, no other exigent circumstances existed at the time of the search which would have made obtaining a warrant impracticable.[2] There were no other actors or accomplices to the robbery. Appellant was alone at the time of his arrest. No one arrived who was interested in moving the vehicle or removing items from it after the

---

1. Appellant objected at trial to the admission of the pictures of the interior of the truck on similar grounds. However, appellant's brief refers to "the evidence seized from the pickup" and "the evidence obtained from the warrantless search of appellant's vehicle." Since appellant's ground of error is unclear, we will only consider the admissibility of the evidence seized *from* the vehicle, namely the money.

2. It is unclear whether the truck was locked prior to appellant's arrest. There is no testimony concerning the whereabouts of the truck keys. Estep, the only officer to testify regarding the search, indicated that the truck was unlocked when he opened the left door to process the vehicle and that the keys were not in the vehicle. However, Estep was inside another bar looking for the suspect prior to the arrest. Officer Meddor participated in the search, but did not testify.

arrest of appellant and at least six officers were present at the scene.

 In addition, the Court of Appeals justified the search as a constitutionally permissible inventory of the truck's contents. Generally, police who are engaged in a caretaking search may inventory the contents of a lawfully impounded vehicle. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Further, the burden of proof is upon the State to show a lawful inventory search. *Benavides v. State,* 600 S.W.2d 809 (Tex.Cr.App. 1980); *Ward v. State,* 659 S.W.2d 643 (Tex. Cr.App.1983). The police had the authority to impound appellant's vehicle; appellant was under arrest, the truck was parked on a bar parking lot and it matched the description of the vehicle used in the robbery. Cf. *Benavides v. State,* supra; *Daniels v. State,* 600 S.W.2d 813 (Tex.Cr.App.1980). However, the record is devoid of any evidence that the police actually engaged in the caretaking function.

Officer Estep testified that he and Officer Meddor searched the pickup. Officer Meddor did not testify. Estep did not complete an inventory of the vehicle and was unaware of whether one was completed by Meddor or by any other officer.[3] In the absence of testimony regarding actual adherence to standard police inventory procedure, the State has not sustained its burden of proof.

 Having concluded that the evidence was unconstitutionally obtained, we must determine whether its introduction was sufficiently prejudicial to appellant so as to require reversal. The error is harmless unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In addition, consideration of the probable impact of the evidence on the minds of an average jury is essential to such an inquiry. *Harrington v. Califor-*

*nia,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

 Appellant matched the description of the robber given by both eyewitnesses. He was arrested within an hour of the offense two blocks from the convenience store. Appellant admitted ownership of the truck whose description and license plate number corresponded to that given by Neal to the police. Appellant was positively identified by both eyewitnesses in a line-up and at trial. Further, the jury was aware of the discrepancy in the amount of money stolen and the amount recovered from appellant. We conclude that the State's case would not have been significantly less persuasive to the average jury had the complained of evidence been excluded.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., concurs.

---

**3.** Initially, Estep stated that Meddor completed an inventory. Later, Estep admitted he did not know if an inventory of the vehicle had been performed.