# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00023-CR

**Carl Mack Burford, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 963809, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carl Mack Burford, Jr. appeals from an order revoking his community supervision. At the time of the current offense, appellant was serving a sentence of eight years' community supervision following a plea of guilty to the felony offense of theft. The State subsequently filed a motion to revoke appellant's community supervision. In one issue, appellant challenges the admission at the revocation hearing of evidence seized during a warrantless search of his car after his arrest on an arrest warrant. Because the search was incident to his arrest, we affirm the revocation order.

On May 3, 2002, Austin Police Detective Richard Shirley was investigating appellant for allegedly impersonating a public servant. Shirley drove by appellant's home and observed him place several items in the back seat of his vehicle and drive away. Shirley then returned to his office to obtain an arrest warrant. When he notified the sheriff's office of the warrant and requested assistance for its execution, Shirley learned that there were already two other outstanding traffic warrants.

Thereafter, Travis County Sheriff's Deputy Brian Woolery arrested appellant as he was turning onto the street of his residence. Woolery testified that "we encountered Mr. Burford turning onto his street as we were leaving." When another officer arrived to conduct a search of the car, the car had been moved into appellant's driveway and appellant was in custody in a patrol car. A search of the car uncovered, among other things, small plastic bags containing a white powdery substance and a brown granular substance that tests later revealed were cocaine and methamphetamine.

At the revocation hearing, the State proceeded to prove a single allegation: that appellant intentionally and knowingly possessed cocaine in an amount of four grams or more but less than 200 grams. After the hearing, the court revoked appellant's community supervision and assessed punishment at confinement for five years.

**DISCUSSION**

Because the search of the car was conducted in appellant's driveway, appellant asserts that the search was illegal. He contends specifically that because the search was conducted after he

was arrested and taken into custody and the car moved from the street into his driveway, the search could not be considered a search incident to his arrest. We disagree. Because appellant was either an occupant or a recent occupant of the vehicle at the time of his lawful arrest, we conclude that the search was valid.

Whether the officers were entitled to conduct a search of appellant's vehicle following his arrest is a mixed question of law and fact. The record contains conflicting evidence about the sequence of events, namely when and where appellant was arrested and the vehicle moved to the driveway. Because the resolution of this issue turned on the timing of the arrest in relation to the search, we review the record applying a deferential abuse of discretion standard of review. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In reviewing the trial court's decision, we view the evidence in the light most favorable to the trial court's ruling. *See Guzman*, 955 S.W.2d at 89. We may not disturb supported findings of fact absent an abuse of discretion. *See Etheridge v. State*, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994). In the absence of findings of fact, we presume that the trial court impliedly found the facts necessary to support its ruling. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). We must sustain the trial court's ruling if it is correct on any theory of law applicable to the case. *Villarreal*, 935 S.W.2d at 138.

The Fourth Amendment to the United States Constitution and article I, section 9 of the Texas Constitution guarantee the right of the people to be secure against unreasonable searches

3

of their persons, house, papers, and effects. U.S. Const. amend. IV; Tex. Const. art. I, § 9. Warrantless searches are per se violative of the Fourth Amendment's proscription of unreasonable searches unless they fall within one of the specifically established exceptions. *Mincey v. Arizona*, 437 U.S. 385, 390 (1978). One recognized exception to the Fourth Amendment's warrant requirement is that an officer may search the area within the immediate control of an arrestee. *Chimel v. California*, 395 U.S. 752, 762-63 (1969). Where the arrestee was the occupant of a vehicle, however, police had difficulty in determining whether the passenger compartment was actually within an arrestee's reach. In *New York v. Belton*, the Supreme Court extended the exception to include the interior of the automobile when the arrestee is its recent occupant. 453 U.S. 454 (1981). The court held that when an officer makes a lawful custodial arrest of the occupant of an automobile, the officer may conduct a contemporaneous search of the passenger compartment of that automobile. *Id.* at 460. *Belton* thus defined the passenger compartment of an automobile as being within the hypothetical immediate control of an occupant or recent occupant of the vehicle.

A *Belton*-type vehicular search applies when there has been a lawful custodial arrest of the occupant or recent occupant of a vehicle and the search is thus contemporaneous with the arrest. *Ballard*, 987 S.W.2d at 892; *Gauldin v. State*, 683 S.W.2d 411, 414 (Tex. Crim. App. 1984). If an arrestee is not an occupant or recent occupant of a vehicle, *Belton* is not applicable and the validity of the search is examined under a *Chimel* analysis: was the search limited to the area within the immediate control of the arrestee. *Id.*

Appellant argues that the vehicle was not searched incident to his arrest because he was stopped, arrested on traffic warrants, and his vehicle moved from the public street into his own

4

driveway. Because of the "spatial and temporal distance of Mr. Burford from the vehicle at the time of the search," he argues that it cannot be considered a search incident to arrest. To establish the "spatial and temporal distance," appellant relies on the testimony of defense witness Raymond Hernandez, who testified that the vehicle was in the driveway at the time of the search and that appellant was already in custody. But it is clear from the record that Hernandez did not witness the arrest itself: "I was on the phone in the back of the house. I didn't see any [vehicles] pull in. I saw them when the cop knocked on the door and asked me to step outside and they were already parked there." He acknowledged that he did not see any of the vehicles before that time.

The testimony at the hearing established that appellant was an occupant of the vehicle when he was arrested by the police. Sergeant Brian Woolery testified that appellant was driving on the street near his home when the officers effected a traffic stop and placed him under arrest. Because there is no evidence in the record that appellant had exited the vehicle before police contact and was removed by time and space from the vehicle at the time of his arrest, we conclude that the search comes within the *Belton* rule.[1] Viewing the record in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in determining that appellant was an occupant or recent occupant of the vehicle at the time of the arrest and subsequent search, and that the search was incident to the arrest.

Based upon our review of the evidence, we hold that the State proved by a preponderance of the evidence that appellant violated the terms and conditions of his community

---

[1] *See also United States v. Johns*, 469 U.S. 478, 484 (1985) (permissible for Customs officers to return to headquarters before conducting inventory search of vehicle).

supervision. Because we conclude that the State carried its burden with respect to the violation, and the trial court did not abuse its discretion in revoking appellant's community supervision, we overrule appellant's issue and affirm the revocation order.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed:   August 29, 2003

Do Not Publish