Opinion issued November 10, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00532-CR

———————————

Sean Patrick Moskey, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from County Criminal Court at Law No. 9

Harris County, Texas



Trial Court Case No. 1576960

 



 

O P I N I O N

          After
the trial court denied his motion to suppress evidence, appellant, Sean Patrick
Moskey, pleaded guilty to the Class B misdemeanor offense of possession of less
than two ounces of marijuana.[1]  Pursuant to appellant’s agreement with the
State, the trial court deferred adjudication of guilt, placed appellant on
community supervision for one year, and assessed a $300 fine.  In one issue on appeal, appellant contends
that the trial court abused its discretion in denying appellant’s motion to
suppress because the State (1) did not prove that the arresting officers
conducted a valid inventory search according to departmental procedures and (2) the
search did not meet the requirements of a valid search incident to arrest under
Arizona v. Gant.[2]

          We
affirm.

Background

          While
patrolling the West Sam Houston Parkway on January 30, 2009, Harris County
Sheriff’s Deputy F. Ellis noticed that appellant’s vehicle displayed an altered
or tampered inspection sticker.  Deputy
Ellis and appellant pulled over onto the shoulder of the road and Deputy Ellis,
upon closer examination, observed that the inspection sticker had expired and was
partially removed.  After returning to
his patrol car, Deputy Ellis checked the inspection sticker, license plate, and
appellant’s driver’s license.  He
confirmed that the inspection sticker had expired, and he further discovered
that the vehicle registration had expired and that appellant had two open
warrants.  Deputy Ellis then called for a
second unit.

          Once
Deputy A. Gonzales arrived at the scene, the deputies conducted a weapons
search of appellant and placed him in the backseat of Deputy Ellis’s patrol car
pending confirmation of the open warrants. 
Deputy Ellis asked appellant about the altered inspection sticker, and
appellant responded that the car belonged to his roommate.  Five minutes later, dispatch confirmed the
warrants and Deputy Ellis arrested appellant and called a tow truck for his
roommate’s car.

          The
deputies, with appellant, and the tow truck driver all drove to a nearby
shopping center parking lot to complete an inventory search of the
vehicle.  At the suppression hearing, Deputy
Ellis testified that Harris County Sheriff’s Department policy requires that,
when no one is available for release of a vehicle after an arrest, the vehicle
must be towed and the officers must conduct an inventory search to document any
valuable items located in the vehicle before the officers impound the car.  Deputy Ellis stated that he did not ask
appellant if there was anyone he could call to pick up the vehicle and the
deputies did not attempt to call appellant’s roommate.  According to Deputy Ellis, because the car had
an expired inspection sticker and expired registration, and because appellant
could produce no proof of insurance, the car was not legally drivable at the
time of appellant’s arrest and thus the deputies could not release the car to a
third party.

          Both deputies
testified that the purpose of an inventory search is to document any valuables
found in an impounded car to make sure that all of the contents are returned at
the time the police release the vehicle. 
Deputy Ellis testified that the department has a procedure for searching
locked containers found during an inventory search.  Although the officers conducting an inventory
will search locked containers, they will not search locked glove compartments.  In this situation, the officers call a
supervisor and attempt to obtain a warrant or consent of the owner.  If the glove compartment is unlocked, the
searching officer will open the compartment and document the contents.  Deputy Gonzales testified that this glove compartment
was unlocked.  If it had been locked, according
to policy, he would not have opened it and inventoried its contents.  He also testified that he completed the “tow
slip,” which is the form provided by the Sheriff’s Department to document the
contents of an impounded vehicle.  This
form requires the officer to document the specific items of personal property found
in the vehicle by listing the items in columns depending on where in the car
the officer finds the item.

          At
the time Deputy Gonzales completed the inventory search, appellant’s vehicle
was hooked up to the back of the tow truck in the parking lot.  Deputy Gonzales first searched the driver’s
side and the immediate surrounding area. 
He obtained the car’s keys from the tow-truck driver, but he testified
that he did not need to use them at any point during the search.  Deputy Gonzales opened the unlocked glove
compartment and found miscellaneous papers and a bag containing a “green, leafy
substance,” later positively identified as marijuana.  The State charged appellant with misdemeanor
possession of marijuana.

          The
trial court denied appellant’s motion to suppress evidence and did not issue
findings of fact and conclusions of law. 
Appellant pleaded guilty to misdemeanor possession of marijuana, and,
pursuant to an agreement between appellant and the State, the trial court
deferred adjudication of guilt, placed appellant on community supervision for
one year, and assessed a $300 fine.

Standard of Review

          We
review a denial of a motion to suppress for an abuse of discretion.  Shepherd
v. State, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008) (citing State v. Dixon, 206 S.W.3d 587, 590
(Tex. Crim. App. 2006)).  When we review
a trial court’s denial of a motion to suppress, we give “almost total deference
to a trial court’s express or implied determination of historical facts [while]
review[ing] de novo the court’s
application of the law of search and seizure to those facts.”  Id.  We view the evidence in the light most
favorable to the trial court’s ruling.  Wiede v. State, 214 S.W.3d 17, 24 (Tex.
Crim. App. 2007) (quoting State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). 
The trial court is the “sole trier of fact and judge of the credibility
of the witnesses and the weight to be given to their testimony.”  St.
George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).  The trial court may choose to believe or
disbelieve any part or all of a witness’s testimony.  Green
v. State, 934 S.W.2d 92, 98 (Tex. Crim. App. 1996).  We sustain the trial court’s ruling if it is
reasonably supported by the record and correct on any theory of law applicable
to the case.  Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

Validity of Inventory Search

          Appellant
contends that the trial court erred in denying his motion to suppress evidence
because (1) the State failed to demonstrate that the deputies conducted the
inventory search according to departmental policies and (2) the search was not
a valid search incident to arrest under Arizona
v. Gant.

          For
the first time on appeal, the State contends that appellant lacks standing to
challenge the search because, at the suppression hearing, appellant did not
introduce evidence that he owned the car or that he had the owner’s permission
to use the car, and therefore he did not meet his burden of establishing that
he had a reasonable expectation of privacy in the car.  We conclude that we need not address this
issue because, regardless of whether appellant has standing to challenge the
search of the vehicle, the State presented evidence from which the trial court
could reasonably determine that the arresting officers performed the inventory
search pursuant to standardized police procedures and that the search was,
therefore, constitutionally valid.

A police officer’s inventory of the
contents of an automobile is permissible under the Fourth Amendment if
conducted pursuant to a lawful impoundment of the vehicle.[3]  South
Dakota v. Opperman, 428 U.S. 364, 375–76, 96 S. Ct. 3092, 3100 (1976); Benavides v. State, 600 S.W.2d 809, 810
(Tex. Crim. App. 1980); Garza v. State,
137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).  Inventory searches protect (1) the vehicle
owner’s property while the vehicle is in custody, (2) the police against claims
or disputes over lost or stolen property, and (3) the police from potential danger.  Opperman,
428 U.S. at 369, 96 S. Ct. at 3097; Garza,
137 S.W.3d at 882.  An inventory search
must be conducted in good faith and pursuant to reasonable standardized police
procedure.  Colorado v. Bertine, 479 U.S. 367, 374, 107 S. Ct. 738, 742 (1987);
Rothenberg v. State, 176 S.W.3d 53,
57 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d); Garza, 137 S.W.3d at 882. 
The inventory search must be designed to produce an inventory of the
vehicle’s contents and must not be a “ruse for a general rummaging in order to
discover incriminating evidence.”  Florida v. Wells, 495 U.S. 1, 4, 110 S.
Ct. 1632, 1635 (1990); Richards v. State,
150 S.W.3d 762, 771 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d) (en
banc).

          The
State bears the burden of establishing that the police conducted a lawful
inventory search.  See Gauldin v. State, 683 S.W.2d 411, 415 (Tex. Crim. App. 1984), overruled on other grounds by Heitman v.
State, 815 S.W.2d 687 (Tex. Crim. App. 1991); Evers v. State, 576 S.W.2d 46, 50 & n.5 (Tex. Crim. App. 1978).  The State satisfies this burden by
demonstrating that (1) an inventory policy exists and (2) the officers followed
the policy.  Moberg v. State, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991) (citing
Evers, 576 S.W.2d at 50 & n.5).  The State need not prove that the impoundment
and subsequent inventory was the least intrusive means of securing the vehicle
and keeping it safe, nor must the State prove that the officers independently
investigated possible alternatives to impoundment.  See
Bertine, 479 U.S. at 374, 107 S. Ct. at 742 (quoting Illinois v. Lafayette, 462 U.S. 640, 647, 103 S. Ct. 2605, 2610
(1983)); Garza, 137 S.W.3d at 882
(citing Mayberry v. State, 830 S.W.2d
176, 180 (Tex. App.—Dallas 1992, pet. ref’d)). 
In conducting an inventory search, the police may permissibly search
locked and unlocked containers, including glove compartments.  See
Opperman, 428 U.S. at 376 n.10, 96 S. Ct. at 3100 (“[O]nce the policeman
was lawfully inside the car to secure the personal property in plain view, it
was not unreasonable to open the unlocked glove compartment, to which vandals
would have had ready and unobstructed access once inside the car.”); Bertine, 479 U.S. at 374 n.6, 107 S. Ct.
at 742; Guillett v. State, 677 S.W.2d
46, 49 (Tex. Crim. App. 1984) (holding no distinction exists between unlocked
glove compartment in Opperman and
Guillett’s locked glove compartment, and therefore inventory search permissibly
conducted); Rothenberg, 176 S.W.3d at
57 (permitting opening of closed and locked containers if done pursuant to
standard procedure and not done in bad faith or for solely investigatory
purposes).

          Appellant
relies on the Court of Criminal Appeals’ decision in Gauldin for the proposition that the State failed to present
evidence of “actual adherence to standard police inventory procedure.”  683 S.W.2d at 415.  In Gauldin,
one officer testified that he and another officer searched the defendant’s
truck.  Id.  Only that officer
testified, and he stated that he did not complete an inventory of the vehicle
and that he was unaware of whether another officer completed the
inventory.  Id.  The Court of Criminal
Appeals held that, in the absence of testimony that the officers followed
departmental inventory procedures, the State failed to satisfy its burden to
prove that the officers conducted a valid inventory search.  Id.

          Here,
in contrast to Gauldin, both Deputy
Ellis and Deputy Gonzales testified that Harris County Sheriff’s Department
policy requires deputies to impound a vehicle whose occupants have been
arrested and to conduct an inventory search when there is no one to whom the
officers can release the vehicle.  In
this situation, the officer conducting the search must complete an inventory
form documenting the personal property found within the vehicle in an effort to
protect the owner’s valuables.  Pursuant
to the departmental policy, officers search closed and locked containers, as
well as unlocked glove compartments.  If,
however, the glove compartment is locked, the searching officer must contact a
supervisor and obtain a search warrant or get the owner’s consent to search.

          Both deputies
testified that they needed to impound the vehicle appellant was driving and conduct
an inventory search because there was no one to whom the officers could release
the vehicle.  According to Deputy Ellis,
even if appellant had not been alone in the vehicle, the expired registration,
inspection sticker, and lack of proof of insurance rendered the car unable to
be legally driven from the scene.  After
arresting appellant, a tow truck arrived and towed the car to a nearby parking
lot because department policy does not allow deputies to conduct inventory
searches on the side of the road for safety reasons.  Both deputies testified that Deputy Gonzales
performed the inventory search and filled out the required inventory form, specifically
stating the items he found in the passenger compartment and in the trunk.  The trial court admitted the completed inventory
form into evidence at the suppression hearing. 
See Graves v. State, 307
S.W.3d 483, 492 (Tex. App.—Texarkana 2010, pet. ref’d) (“Burns’ affidavit,
report, and inventory form indicate he complied with the police policy for
inventory searches.”).  Deputy Gonzales
stated that the glove compartment was unlocked, and he therefore opened the
compartment to complete the inventory pursuant to departmental policy.  Deputy Gonzales then discovered the marijuana
in the unlocked glove compartment.

          We
hold that, based upon the testimony of Deputy Ellis and Deputy Gonzales, the
trial court reasonably could have determined that Deputy Gonzales conducted the
inventory search of appellant’s vehicle in accordance with standardized police
procedures.  Because the State satisfied
its burden to demonstrate that the deputies conducted a valid inventory search,
the trial court did not abuse its discretion in denying appellant’s motion to
dismiss.

Applicability of Arizona
v. Gant

          Appellant
finally contends that, even if the deputies followed departmental policy in
conducting the inventory search, this search did not meet the requirements for
a valid search incident to arrest pursuant to Arizona v. Gant.  See 129 S. Ct. 1710 (2009).

          In Gant, the Supreme Court limited the
scope of the search incident to arrest doctrine and provided that:

Police may search a vehicle
incident to a recent occupant’s arrest only if the arrestee is within reaching
distance of the passenger compartment at the time of the search or it is
reasonable to believe the vehicle contains evidence of the offense of arrest.

 

Id. at 1723.  Appellant contends that because it is
undisputed that, at the time of the search, Deputy Ellis had placed appellant
in the backseat of his patrol car, and the vehicle did not contain evidence of
the offenses of arrest—appellant’s
two open warrants—the search
conducted by Deputy Gonzales was not a valid search incident to arrest, and
therefore the trial court erred in denying appellant’s motion to suppress.

          Appellant
correctly observes that the search at issue here does not meet Gant’s requirements for a valid search
incident to arrest; however, he fails to consider the Supreme Court’s statement
immediately after setting forth the new search-incident-to-arrest requirements:  “When these justifications [for a search
incident to arrest] are absent, a search of an arrestee’s vehicle will be
unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.”  Id.
at 1723–24 (emphasis added).  The
inventory search is a “well-defined exception” to the Fourth Amendment’s
warrant requirement.  Bertine, 479 U.S. at 371, 107 S. Ct. at
741; Opperman, 428 U.S. at 369 n.4,
96 S. Ct. 3097 (“In view of the noncriminal context of inventory searches, and
the inapplicability in such a setting of the requirement of probable cause,
courts have held and quite correctly that search warrants are not required,
linked as the warrant requirement textually is to the probable-cause
concept.”).  Because the search here
satisfies the requirements for a valid inventory search, an independent
exception to the Fourth Amendment’s warrant requirement, we hold that Gant does not apply.

Conclusion

          We
hold that the trial court correctly denied appellant’s motion to suppress
evidence and therefore affirm the order of the trial court deferring
adjudication of appellant’s guilt.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Health & Safety Code Ann.
§ 481.121(b)(1) (Vernon 2010).

 





[2]           129 S. Ct. 1710 (2009).





[3]
          The State bears the burden of
proving that an impoundment is lawful, and may satisfy this burden by
demonstrating that (1) the driver was arrested, (2) no alternatives other than
impoundment were available to ensure the vehicle’s protection, (3) the impounding
agency had an inventory policy, and (4) the policy was followed.  Garza
v. State, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d) (citing Delgado v. State, 718
S.W.2d 718, 721 (Tex. Crim. App. 1986)). 
Appellant does not challenge the lawfulness of the impoundment; he only
contends that the State failed to produce evidence that the officers conducted
the inventory search pursuant to proper police procedures.