

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN DAVISON NIES, II, | § | No. 08-16-00011-CR |
| Appellant, | § | Appeal from |
| v. | § | 207th District Court |
| THE STATE OF TEXAS, | § | of Comal County, Texas |
| Appellee. | § | (TC # CR2014-543) |
| | § | |

## **O P I N I O N**

Appellant, John Davison Nies II, appeals his conviction of possession of less than one gram of methamphetamine, enhanced by two prior felony convictions. The case proceeded to trial before a jury, but after the trial court denied Appellant's motion to suppress evidence, Appellant waived his right to a jury and entered a negotiated plea of guilty. The trial court found Appellant guilty, found the enhancement paragraphs true, and assessed Appellant's punishment in accordance with the plea bargain at imprisonment for a term of five years. We reverse and remand.

## FACTUAL SUMMARY

The indictment charged Appellant with possession of less than one gram of methamphetamine. Nies filed a written motion to suppress asserting that evidence was unlawfully seized from his vehicle without a warrant, but he did not obtain a ruling before trial. Shortly after the trial began, the parties and the trial court had a discussion outside of the jury panel's presence

regarding the suppression motion. The parties stipulated to the facts as set forth in the arresting officer's offense report. The report showed that Deputy Matthew Moczygemba initially stopped Nies for speeding, but he discovered that Appellant's license was suspended. Consequently, Moczygemba arrested Appellant for driving while license suspended, and Appellant instructed to Moczygemba to have his vehicle towed. Moczygemba put Appellant in the back of his patrol car, and he and another deputy inventoried Appellant's vehicle before the wrecker arrived. During the search, Moczygemba slid the shade for the sunroof back and he found a small clear container which had a crystal-like substance inside of it. The substance tested positive for methamphetamine. The trial court denied the motion to suppress and Nies waived his right to a jury trial and entered a negotiated guilty plea.

**WARRANTLESS SEARCH**

In his first issue, Appellant contends that the trial court abused its discretion by denying the motion to suppress the evidence seized during the warrantless search of the vehicle.

*Standard of Review and Applicable Law*

The denial of a motion to suppress evidence is analyzed under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). We review the trial court's determination of historical facts for an abuse of discretion, but the trial court's application of law to the facts is reviewed *de novo*. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex.Crim.App. 2013). When reviewing the trial court's determination of historical findings, we are required to give those findings almost total deference if they are supported by the evidence. *Tucker v. State*, 369 S.W.3d 179, 184 (Tex.Crim.App. 2012). When the trial court makes findings of fact and conclusions of law finding the officers to be credible and accepting the State's version of events, as in this case, the only question before the appellate court is whether the trial court properly

applied the law to the facts it found. *State v. Alderete*, 314 S.W.3d 469, 472 (Tex.App.--El Paso 2010, pet. ref'd).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007). It is undisputed that the methamphetamine was discovered in Appellant's car as the result of a warrantless search. As a general rule, a warrantless search is per se unreasonable unless the State shows that the search falls within one of the well-established exceptions to the warrant requirement. *See McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App. 2003). Three such exceptions are at issue in this case: (1) search incident to arrest; (2) the automobile exception; and (3) an inventory search.

### *Search Incident to Arrest*

Under the Fourth Amendment, police officers may search an arrestee incident to a lawful arrest. *State v. Granville*, 423 S.W.3d 399, 410 (Tex.Crim.App. 2014). The rationale for permitting such a warrantless search is (1) the need for officers to seize weapons or other things which might be used to assault on officer or effect an escape, and (2) the need to prevent the loss or destruction of evidence. *Id.* Under *Arizona v. Gant*, this exception to the warrant requirement does not justify a search of a vehicle after the occupants of the vehicle have been handcuffed or otherwise secured. *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 1714, 173 L.Ed.2d 485 (2009). The stipulated evidence established that Appellant had been handcuffed and placed in the back of Deputy Moczygemba's patrol car before the deputies began searching the vehicle. Consequently, the search is not justified by the search incident to arrest exception.

### *The Automobile Exception*

Under the automobile exception, law enforcement officials may conduct a warrantless

search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband or evidence of a crime. *See Keehn v. State*, 279 S.W.3d 330, 335 (Tex.Crim.App. 2009); *Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App. 1994). Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officers on the scene would lead persons of reasonable prudence to believe that an instrumentality of a crime or evidence pertaining to a crime will be found. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex.Crim.App. 2007). The record does not demonstrate the existence of any facts and circumstances which could have led the deputy sheriffs to believe that Appellant's vehicle contained contraband or evidence of a crime. Appellant was initially stopped for speeding and he was arrested for driving while license suspended after Deputy Moczygemba ran his driver's license. Appellant's possession of a large amount of cash, standing alone, does not establish probable cause to believe the vehicle contained evidence of a crime or contraband. Thus, the State failed to show that the automobile exception is applicable.

*Inventory Search*

An inventory search is a recognized exception to the warrant requirement. *See Colorado v. Bertine*, 479 U.S. 367, 371, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987); *Jackson v. State*, 468 S.W.3d 189, 194 (Tex.App.--Houston [14th Dist.] 2015, no pet.). An inventory search protects (1) the owner's property while the vehicle is in police custody, (2) the police against claims or disputes over lost, stolen, or vandalized property, and (3) the police from possible danger. *Bertine*, 479 U.S. at 372, 107 S.Ct. at 741; *Jackson*, 468 S.W.3d at 195. To satisfy the inventory search exception, the inventory must be conducted in good faith and pursuant to a reasonable standardized police procedure. *Jackson*, 468 S.W.3d at 195. The State bears the burden to establish that the police conducted a lawful inventory search. *Id.*, *citing Gauldin v. State*, 683 S.W.2d 411, 415

(Tex.Crim.App. 1984), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App. 1991). This burden is met if the State demonstrates that an inventory policy exists and the officers followed the policy. *Jackson*, 468 S.W.3d at 195. The State typically satisfies its burden regarding the propriety of an inventory search through a police officer's testimony that (1) an inventory policy existed, and (2) that policy was followed. *See Harris v. State*, 468 S.W.3d 248, 255 (Tex.App.--Texarkana 2015, no pet.). Opening closed containers while conducting an inventory search is lawful when there is evidence of a policy or established procedure that allows for such. *Florida v. Wells*, 495 U.S. 1, 4-5, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990); *State v. Molder*, 337 S.W.3d 403, 409 (Tex.App.--Fort Worth 2011, no pet.).

The State did not introduce any evidence at the hearing on the motion to suppress related to the existence of an inventory policy. Likewise, it did not present evidence that the deputy sheriffs who conducted the search of the vehicle and the closed container followed the inventory policy. The State asserts in its brief that "it is apparent from the record that the trial court was taking judicial notice of the Comal County Sheriff's Office inventory policy when it recited this was an inventory search and then explained the reasoning behind such a policy." We disagree with the State's interpretation of the record. The State did not ask the trial court to judicially notice the existence of an inventory policy and there is nothing to show that the trial court judicially noticed the inventory policy. The mere reference to an inventory search does not establish that an inventory policy existed or that the deputies followed it when conducting the search at issue here.

After the briefs were filed, the State filed a motion asking the Court to take judicial notice of the inventory policy of Comal County Sheriff's Office. We denied the motion because the evidence that the State asked us to judicially notice pertained directly to the merits of the issue on appeal. In the absence of properly admitted evidence showing that the Comal County Sheriff's

Office has an inventory policy and the deputy sheriffs followed that inventory policy in this case, we conclude that the State failed to establish that the inventory search exception is applicable. Because the State failed to show that the warrantless search was conducted pursuant to a well-established exception to the warrant requirement, we conclude that the trial court erred by denying the motion to suppress. Issue One is sustained. Due to our resolution of Issue One, it is unnecessary to address Issue Two which seeks reformation of the judgment. The judgment of the trial court is reversed and the cause is remanded to the trial court.

July 31, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating