In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00389-CV**

_____

**IN THE INTEREST OF W.R.B., D.R.B.,
G.G.B. JR., B.T.B., AND C.L.B.**

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 13-07-07557-CV

**MEMORANDUM OPINION**

Father seeks to overturn the trial court's order terminating his

parental relationships with *Willow, Delilah, Gavin, Ben,* and *Chelsea.*[1]

[1]To protect the minors' identities, we have used pseudonyms for
their names and the members of their family. Tex. R. App. P. 9.8
(Protection of Minor's Identity in Parental-Rights Termination Cases).
We also note that Mother's parental rights to the same five children were
terminated in a separate cause, assigned Trial Court Cause Number 22-
10-14152. Although Mother appealed, we affirmed the trial court's order
terminating Mother's parent-child relationships with the same children
who are the subjects of this appeal in Appeal Number 09-22-00402-CV.

In a single issue, Father argues the trial court erred in admitting the Judgment of Conviction and the indictment from his criminal case, evidence that shows he was indicted and convicted on one count of Continuous Sexual Abuse of a Child.[2]

As to the indictment, it alleges that Father, in a period of thirty days or more from November 2014 through November 2020 and when Willow and Delilah were children, committed two or more acts of sexual abuse against them by touching their genitals with his "hand and an object, namely a massager/vibrator, with the intent to arouse or gratify the Defendant's sexual desire." As explained below, the legislature made a parent's conviction for certain crimes, including the crime of Continuous Sexual Abuse of a Child, a predicate ground on which a factfinder may choose to terminate a parent-child relationship.[3] Father's issue, however, concerns whether the evidence was admissible and not whether it was sufficient to justify terminating his relationship with his five children. As to Father's complaint, the evidence shows he was

_____

[2]Father appealed from the conviction in his criminal case. His appeal is currently before the Ninth Court of Appeals and is assigned Appeal Number 09-22-00286-CR.

[3]Tex. Fam. Code Ann. § 161.001(b)(1)(L)(xiv).

convicted of Continuous Sexual abuse of a Child that was cumulative of other similar evidence which was admitted without objection. Because the admission of the judgment was harmless in light of the admission of the other evidence showing Father had sexually abused his children, we will affirm.

## Background

The issue Father raises in his appeal does not require a full discussion of the evidence before the jury during the trial. According to Father, the trial court erred in admitting the judgment from his criminal trial, which shows that he was convicted of Continuous Sexual Abuse of a Child. Father's theory is that the judgment was not admissible under the Rules of Evidence that apply to admitting judgments in prior cases because the judgment in his criminal case is currently on appeal, so it is not yet final.[4] Therefore, we limit our discussion of the background to the information needed to explain our resolution of Father's issue.

In May 2021, the Texas Department of Family and Protective Services (the Department) sued Father seeking to terminate his parental rights on several grounds, including the predicate grounds of condition

---

[4]*See* Tex. R. Evid. 803(22) (Judgment of a Previous Conviction).

endangerment, conduct endangerment, having incurred a conviction for seriously injuring a child, constructive abandonment, and his alleged failure to comply with his family service plan.[5]

Twelve witnesses testified after the case was called to trial: (1) the CPS caseworker; (2) Father; (3) an advocate the trial court appointed in Father's criminal case to attend the criminal trial with the children, talk with the children, and to encourage the children to "not be afraid to come into court and tell their truth[;]" (4) one of two advocates the trial court appointed to assist the children in the family law proceeding the Department filed to terminate Father's parental rights, their CASA; (5) the second of the two CASAs in the family law proceeding; (6) the CASA supervisor, who testified he visited with Father when Father was in jail; (7) Father's stepbrother; (8) *Tori*, Father's twenty-one-year old daughter; (9) Willow; (10) Gavin; (11) Delilah; and (12) Ben. On appeal, Father didn't challenge the jury's findings on three predicate grounds of condition endangerment, conduct endangerment, or dispute that he had been found guilty of Continuous Sexual Abuse of a Child.[6] Furthermore,

---

[5]Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E, (L), (N), (O).
[6]*See id*. § 161.001(b)(1)(D), (E), (L)(xiv).

4

Father hasn't challenged sufficiency of the evidence supporting the jury's best-interest finding.[7]

During the trial, the Department's attorney elicited direct testimony from Willow, Delilah, Gavin, and Ben, which details Father's sexual misconduct. For instance, the jury heard Willow testify that Father used a massager on her "private area." She added that Father touched her chest, grabbed her "rear end," and grabbed her "private area" when she slept with him on the couch. Delilah testified Father applied lotion to her "private areas" with his hands many times, and she said he did the same thing to some of her sisters too. According to Delilah, she saw her Father touch Tori "[b]etween her legs, . . . [o]n her thighs, on her butt, and on her chest area[,]" and she had seen them "sleeping on the same couch and . . . usually . . . smiling and stuff."

Gavin testified he saw Tori use a massager on Father, which in his opinion he considered to be abuse. Gavin stated that while living with Father in one town, which Gavin identified, Tori slept with Father on the couch every night. Gavin added that he had seen his Father "grab his sisters' breasts or their rear end." When Ben testified, he told the jury

_____

[7]*Id*. § 161.002(b)(2).

that he saw Father put a "vibrating thing" on Willow's "private area." Ben said he had seen his Father touch Willow's breast and butt. Four of Father's children testified they wouldn't feel safe if returned to Father's care.

On appeal, Father complains the trial court erred in admitting the judgment of conviction from his criminal trial, claiming it was inadmissible under Rule 803(22) of the Rules of Evidence. The Department marked the judgment of conviction from Father's criminal trial as Exhibit 10. After hearing the parties' arguments, the trial court overruled Father's objection and admitted Exhibit 10 before the jury in the trial.

Shortly after the trial court admitted Exhibit 10 into evidence, the record shows that the Department's attorney elicited testimony from Father that describes the information in Exhibit 10. For instance, the judgment reflects Father was convicted of the Continuous Sexual Abuse of a Child. On cross-examination, Father confirmed he was convicted of continuous sexual abuse of a child. And on cross-examination, Father confirmed that in his criminal trial he was given a ninety-nine-year sentence.

When Father was questioned by the Department's attorney, however, Father's attorney never objected to any of the questions the Department's attorney asked him when questioning Father about Exhibit 10. Father's attorney also didn't ask the trial court to allow Father a "running objection" to any reference in the trial to any testimony about Exhibit 10 or to its contents.[8] During the trial and as to Exhibit 10, Father testified that:

- He recognized the exhibit;

- It contains his signature;

- His fingerprints are on it;

- His criminal case was tried "this year" [(2022)];

- Exhibit 10 is a copy of the judgment of conviction by a jury;

- The jury found him guilty;

- He was found guilty of "Continual sexual abuse of a child[,] and

- He was sentenced to "99 years . . . in TDJC[.]"

---

[8]*See Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991) (describing the appropriate use of running objections to preserve error).

## Standard of Review

We review a trial court's ruling admitting evidence for abuse of discretion.[9] A trial court abuses its discretion when it acts without regard to the guiding rules or principles governing the admission of evidence, or if its decision to admit or exclude evidence is shown to have been arbitrary or unreasonable.[10]

Even if an abuse of discretion occurred in admitting evidence that a party complains of on appeal, we will reverse the judgment only when the record shows the error was harmful, which requires the appellant to show the error either "probably caused the rendition of an improper judgment[,]" or it "probably prevented the appellant from properly presenting the case to the court of appeals."[11] When reviewing for harm, we review the entire record and require the appellant "to demonstrate that the judgment turns on the particular evidence admitted" in the

---

[9] *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).

[10] *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

[11] Tex. R. App. P. 44.1; *see also U-Haul Int'l Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

trial.[12] Even when evidence is admitted in error, however, the error on review will be found to be "harmless if it is merely cumulative" of other evidence that the appellant hasn't complained about in the appeal.[13]

Discussion

According to Father, Texas Rule of Evidence 803(22) makes the judgment and the indictment tied to his conviction for Continuous Sexual Abuse of a Child inadmissible because his conviction is on appeal and not yet final. Father was convicted under the judgment at issue in the 435th District Court of Montgomery County, Texas in Cause Number 20-11-14200. The trial court signed the judgment in August 2022, and the judgment is on appeal and not yet final.[14] The offense is a first-degree felony, and the judgment shows that Father received a ninety-nine-year sentence.

Under the Family Code, a predicate ground for terminating a parent-child relationship includes a parent having incurred one of several convictions under the Penal Code, one of which is Penal Code

---

[12]*See Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

[13]*Id.*

[14]The appeal is Appeal Number 09-22-00286.

9

Section 161.001(b)(1)(L)(xiv), which is a conviction that involves the continuous sexual abuse of a child or of children.[15] Importantly, the Family Code doesn't expressly require that a parent's conviction be final to serve as a predicate ground for terminating a parent's relationship with a child under section 161.001(L), as the statute merely requires the parent to have "been convicted[,]" and does not require that a parent have a *final* conviction.[16]

On appeal, Father argues the Texas Rules of Evidence control over the Family Code as to whether the indictment and judgment in his criminal case were admissible. He asks that we hold the trial court erred in allowing the indictment and judgment admitted, and he argues that this Court should apply the Rules of Evidence in a way that would potentially nullify the legislature's decision about how a certain number of criminal judgments should be treated in civil trials in cases filed by the Department when it seeks to terminate a parent's relationship with their child.

---

[15]Tex. Fam. Code Ann. § 161.001(b)(1)(L)(xiv).

[16]*Id.* § 161.001(b)(1)(L). We are making this statement as an observation and not as a holding in this appeal.

According to Father, the judgment and the indictment tied to it were inadmissible under Texas Rule of Evidence 803(22) because that rule requires judgments in criminal cases to be *final*—meaning all possible appeals have been exhausted—before a judgment in a criminal case may be used as evidence in a trial over terminating a parent's relationship with their child. As to Rule 803(22), Father notes the Rule states that in a civil case, the hearsay rules do not exclude the admission of a judgment of a previous conviction if (i) the judgment was entered after a trial or upon a plea of guilty (but not upon a plea of no-contest); (ii) the conviction was for a felony; (iii) the evidence is admitted to prove any fact essential to sustain the judgment of conviction; and (iv) an appeal of the conviction is not pending.[17] Father argues that because the appeal in his case is pending, the judgment in his criminal case should not have been admitted in the trial of the civil case to terminate his parental rights because the judgment, when the civil trial occurred, was not final.

Before addressing Father's argument about the admission of the judgment of conviction in the trial over terminating his parental rights,

---

[17]Tex. R. Evid. 803(22)(A).

11

we will address Father's argument complaining about the trial court's decision to admit the indictment that led to Father's conviction for Continuous Sexual Abuse of a Child. At trial, Father objected to the indictment "because it is – it is just an indictment. It's not a formal charge, No. 1."

Under the general rule of error preservation—the rule uniformly followed by Texas courts—an objection a party makes in the trial must comport with the claim the party raises on appeal.[18] Thus, "[a]n objection stating one legal theory [at trial] may not be used to support a different legal theory on appeal."[19] Here, Father's argument as to the indictment does not comport with the objection he raised in the trial.[20] Since Father failed to preserve the complaint he seeks to raise on appeal regarding the indictment—that it was inadmissible under Rule 803(22)—he did not preserve his right to have that part of the argument he raises reviewed on appeal.[21]

---

[18]*Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).
[19]*Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State,* 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)).
[20]*Gauldin v. State,* 683 S.W.2d 411, 413 (Tex. Crim. App. 1984).
[21]*Id.*

To be sure, in many instances a judgment convicting a parent of one of the sixteen offenses under Family Code Section 161.001(b)(1)(L) will not be final when the trial of the family-law proceeding occurs. That's because family-law proceedings and appeals are on accelerated timetables when compared to the time required to dispose of the typical felony criminal trial.[22] Even though Father's argument raises an interesting legal issue that involves a question of statutory interpretation, we need not decide whether the Family Code—which does not require the defendant's conviction to be final—or the Rule of Evidence—which does require a conviction to be final—controls on the record before us in this appeal. Here, the jury heard testimony describing the relevant facts decided by the judgment in Father's criminal case, and the testimony about those facts was admitted without objection in the civil trial about the termination of Father's parental rights.

In trials to juries, it is the jury's responsibility to evaluate and decide what witnesses the jury chooses to believe.[23] On the jury's findings in this case, we must infer that the jury believed that Father engaged in

---

[22]*See* Tex. Fam. Code Ann. §§ 109.002(a) and 263.405(a); *see also* Tex. R. App. P. 26.1(b).

[23]*See In re J.W.*, 645 S.W.3d 726, 745 (Tex. 2022).

13

acts of sexual abuse like those his children described. We must also infer the jury believed Father's testimony that he incurred a conviction for continuous sexual abuse of a child and that he received a ninety-nine-year sentence. Thus the information in the judgment is cumulative of other evidence admitted without objection in the trial.

Accordingly, we need not decide whether the Family Code or the Rules of Evidence provide the guiding rule on the question of whether the judgment Father has complained about was (or wasn't) admissible.[24] We conclude that admitting the judgment of Father's criminal conviction was harmless because it didn't cause the rendition of an improper judgment.[25]

---

[24]Even though we have not reached Father's issue, we recognize that several of our sister courts of appeal have done so. *See In re A.N.*, No. 10-17-00006-CV, 2017 WL 2292171, at *3 (Tex. App.—Waco May 24, 2017, no pet.) (mem. op.); *In re L.B.*, No. 05-13-01615-CV, 2014 WL 1102050, at *7-8 (Tex. App.—Dallas Mar. 20, 2014, no pet.) (mem. op.); *In re W.B.W.*, No. 11-11-00269-CV, 2012 WL 2856067, at *14 (Tex. App.—Eastland July 12, 2012, pet. denied) (mem. op.); *In re T.C.C.H.*, No. 07-11-00179-CV, 2011 WL 6757409, at *9 (Tex. App.—Amarillo Dec. 22, 2011, no pet.) (mem. op.); *Rian v. Tex. Dep't of Family & Protective Servs.*, No. 03-08-00155-CV, 2009 WL 2341868, at *2 (Tex. App.—Austin July 31, 2009, pet. denied) (mem. op.). These courts would reject Father's argument and hold that Father's conviction was admissible in the trial of the case to terminate his parental rights because the offense for which he was convicted is on the laundry list of offenses listed in Family Code section 161.001(b)(1)(L).

[25]On appeal, Father does not challenge the legal and factual sufficiency of any of the predicate findings to support termination, nor

Having overruled Father's sole issue, we affirm the trial court's order terminating Father's rights.

## Conclusion

The order of the trial court is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 4, 2023
Opinion Delivered May 11, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

---

does he challenge the finding that termination is in the best interest of the children. Accordingly, we do not address those grounds in our analysis. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *see also* Tex. R. App. P. 47.1. The unchallenged predicate findings are binding on this court and sufficient to affirm the termination order. *See Int. of R.S.C.*, No. 09-19-00174-CV, 2019 WL 5996358, at *4 (Tex. App.—Beaumont Nov. 14, 2019, no pet.).

15