**Opinion filed September 8, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00039-CR

_____

## BRANDON EDWARD KING, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR54399**

## M E M O R A N D U M   O P I N I O N

Appellant, Brandon Edward King, was indicted for the third-degree felony offense of possession of a controlled substance—namely, methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2021). After the jury found Appellant guilty as charged in the indictment, and upon Appellant's election, the trial court assessed Appellant's punishment at five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine.

However, the trial court suspended Appellant's sentence and placed him on community supervision for a period of five years. The trial court further ordered that Appellant pay "all costs" of prosecution, including court costs and attorney's fees incurred by his court-appointed attorney.

Appellant raises a single issue on appeal. He argues that the trial court erroneously admitted certain statements that he made to law enforcement after his arrest was effectuated but prior to being *Mirandized*.[1] Specifically, Appellant contends that the erroneous admission of these statements violated the dictates of Article 38.22 of the Texas Code of Criminal Procedure. We modify and affirm the trial court's judgment.

## I. *Factual Background*

On June 30, 2019, Sergeant Daniel Subia of the Midland County Sheriff's Department arrested Appellant for theft of a trailer after Appellant admitted to the commission of the offense. During a "pat-down" search of Appellant's person incident to the arrest, a glass methamphetamine pipe was found in Appellant's front pocket. After the pipe was located, Sergeant Subia asked Appellant whether he had any illegal narcotics on his person or in his vehicle. In response, Appellant told Sergeant Subia that methamphetamine was in the front seat of his vehicle in a "key hider" box. Sergeant Subia searched Appellant's vehicle and recovered the methamphetamine from the front seat. Appellant was later placed in the back seat of a deputy's patrol unit and advised of his *Miranda* rights by Sergeant Subia.

After he was *Mirandized*, Appellant continued to speak with Sergeant Subia about the circumstances of why he took the trailer; however, Appellant refused to talk to Sergeant Subia about the methamphetamine that had been found in his vehicle and seized. At trial, Appellant's trial counsel did not assert any objection to the

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966).

evidence offered by the State, or its admission, concerning the statements that Appellant made to Sergeant Subia and the deputy about the trailer and the seized methamphetamine prior to the receipt of his *Miranda* warnings. Further, Appellant's trial counsel elicited the same evidence and statements during his cross-examination of Sergeant Subia. Appellant was convicted of the indicted offense and sentenced accordingly. This appeal followed.

## II. *Standard of Review*

To preserve a complaint for appellate review, a party must present a specific, timely objection to the trial court that articulates the specific grounds for the ruling that the complaining party sought from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). The purpose of requiring a specific objection "provide[s] the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Ford*, 305 S.W.3d at 533 (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)).

A party must object each time the allegedly inadmissible evidence is offered. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). The failure to timely and specifically object to the admission of evidence during trial waives any error in its admission, even if the purported error relates to or affects the constitutional rights of the defendant. *Saldano v. State*, 70 S.W.3d 873, 889 & n.74 (Tex. Crim. App. 2002) (collecting cases); *Gauldin v. State*, 683 S.W.2d 411, 413 (Tex. Crim. App. 1984) (including alleged *Miranda* violations), *overruled on other grounds by State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998).

When the procedures outlined in Article 38.22 of the Texas Code of Criminal Procedure are at issue, as in the case before us, trial counsel must assert specific objections to the alleged statutory violations to preserve such a complaint for

appellate review. *See Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Patterson v. State,* 496 S.W.3d 919, 931 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). "If an issue has not been preserved for appeal, neither the court of appeals nor [the Court of Criminal Appeals] should address the merits of that issue." *Ford*, 305 S.W.3d at 532.

### III. *Analysis – Article 38.22 Objection*

The threshold issue before us is whether Appellant preserved for appellate review the complaint he now asserts. Appellant argues on appeal that certain statements that he made to law enforcement prior to receiving his *Miranda* warnings concerning the methamphetamine Sergeant Subia found in his vehicle were erroneously admitted by the trial court because the statutory requirements for the statements' admission were not met. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2) (West 2018) (setting out the requirements for the admission of a defendant's statements made to law enforcement). The State asserts that Appellant did not preserve this complaint for our review. We agree with the State.

As we have said, to preserve a complaint for appellate review, a party must assert a specific, contemporaneous objection to the challenged evidence at the time the evidence is offered for admission. *Burg*, 592 S.W.3d at 448–49; *Lane*, 151 S.W.3d at 193. Importantly, compliance with this preservation requirement is particularly necessary when it is claimed on appeal that evidence was improperly admitted during trial in violation of Article 38.22. *See Resendez*, 306 S.W.3d at 313; *Roberts v. State*, No. 11-20-00013-CR, 2022 WL 120714, at *5 (Tex. App.— Eastland Jan. 13, 2022, no pet.) (mem. op., not designated for publication). In this context, and to be considered on appeal, if a violation of Article 38.22 is raised, Appellant or his trial counsel must have articulated to the trial court the specific Article 38.22 violation that Appellant claims occurred. Here, Appellant's trial counsel did not assert an Article 38.22 objection, or any other objection, during

4

Appellant's trial or any pretrial proceeding to the admission of the evidence that Appellant now challenges on appeal. In fact, no Article 38.22 argument was ever raised or presented to the trial court at any phase of Appellant's trial—let alone "with sufficient specificity to make the trial court aware of [Appellant's] complaint." *See* TEX. R. APP. P. 33.1(a)(1)(A). As such, Appellant failed to preserve his complaint for our review. *Id.*; *Ordway v. State*, No. 11-18-00336-CR, 2020 WL 5552736, at *2 (Tex. App.—Eastland Sept. 17, 2020, no pet.) (mem. op., not designated for publication).

Nevertheless, even assuming that Appellant's complaint had been preserved for our review, any purported error was cured when Appellant's trial counsel elicited the same complained-of evidence during his cross-examination of Sergeant Subia. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003); *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990); *Ruiz v. State*, 631 S.W.3d 841, 864 (Tex. App.—Eastland 2021, pet. ref'd); *Nicholls v. State*, 630 S.W.3d 443, 449 (Tex. App.—Eastland 2021, pet. ref'd).

Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *Court-Appointed Attorney's Fees*

Although not raised by Appellant, the State asserts that it was error for the trial court to order the assessment of court-appointed attorney's fees against Appellant. We agree.

An indigent defendant cannot be taxed the cost of services rendered by his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part. *Smith v. State*, 631 S.W.3d 484, 501 (Tex. App.—Eastland 2021, no pet.) (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2021); *see also* CRIM. PROC. art. 42A.301(b)(10) (repayment of attorney's fees as a condition of community supervision). The Texas

Court of Criminal Appeals has held that the trial court must find that the defendant had the ability to repay court-appointed attorney's fees prior to assessing such fees against an indigent defendant. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *see also Mayer,* 309 S.W.3d at 556 ("[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."). Further, a "defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates,* 402 S.W.3d at 251 (quoting CRIM. PROC. art. 26.04(p)).

On July 1, 2019, after his arrest, Appellant filed an affidavit of indigence certifying that he did not have the necessary funds to hire an attorney for his defense. The trial court determined that Appellant was indigent and appointed trial counsel to represent Appellant's interest in all proceedings in the case. Subsequent to this appointment, the trial court did not receive evidence, nor did it issue a finding, that Appellant had the ability to pay any portion of the attorney's fees that were incurred by his court-appointed attorney. Moreover, nothing in the record indicates that (1) Appellant is no longer indigent or (2) the trial court made a subsequent determination that Appellant's financial circumstances had materially changed or that he had the financial resources or ability to pay the court-appointed attorney's fees of $5,940 that were assessed against him. Because the trial court improperly assessed and ordered that Appellant is financially responsible for the payment of the attorney's fees incurred by his court-appointed attorney, we must modify the trial court's judgment to remove the improperly assessed fees. *See Cates*, 402 S.W.3d at 252; *Smith*, 631 S.W.3d at 501.

Here, the trial court's judgment and the district clerk's amended bill of costs erroneously include attorney's fees as costs. Accordingly, we modify the trial

court's judgment and the district clerk's amended bill of costs to delete (1) the court-appointed attorney's fees that were ordered to be assessed against Appellant and (2) the trial court's requirement that Appellant pay such fees.

## V. *This Court's Ruling*

As modified, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(b).


W. STACY TROTTER

JUSTICE


September 8, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.